UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JAMIE RALSTON, | Civil No. 2:24-cv-01354-CL |
| Plaintiff, | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | JUDGMENT |
| Defendant. | |

IT IS ORDERED AND ADJUDGED that this case is reversed and remanded pursuant to

sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security for further

administrative proceedings pursuant to this Court's ORDER of remand.

JUDGMENT is entered for Plaintiff, and this case is closed.

Dated: 4/21/25

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Submitted by:

WILLIAM M. NARUS, CAB #243633
Acting United States Attorney

KEVIN DANIELSON, OSB #065860
Executive Assistant United States Attorney

JAMES POTTER, ILSB #6293571
Special Assistant United States Attorney
Telephone: (816) 936-5061
james.potter@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

ERIC SIROTKIN,

    Plaintiff,

                                      Case No.: 1:24-cv-02023-CL

**ORDER OF DISMISSAL**
**WITHOUT PREJUDICE**

v.


SHADY SOFIA ROSE,

    Defendant.


       THIS MATTER having come upon the joint submittal of the parties indicating that they have reached a settlement agreement that includes the dismissal of this action without prejudice while some settlement terms are effectuated, and the Court finds that good cause exists for granting this motion.

       THEREFORE, the above matter is dismissed without prejudice and all parties shall pay their own costs of said litigation.

DATED: 4/21/25

                                        Mark D. Clarke

                                      United States Magistrate Judge

Submitted and Approved:

Eric Sirotkin

_____
ERIC SIROTKIN, Plaintiff pro se
121 Sandoval St.
Santa Fe, NM 87506
505.930.7223
eric@ericsirotkin.com

Telephonic approval 4/14/25


___/s/ Andrew Narus___
Attorney for Defendant
**Andrew Narus**
Davis, Hearn, Anderson & Selvig, P.C.
515 East Main St.
Ashland, Oregon 97520
Phone: (541) 482-3111
Fax: (541) 488-4455
anarus@davishearn.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BRIAN S. [1]

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

            Defendant.

Civ. No. 6:24-cv-00188-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Brian S. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for supplemental security income benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) For the reasons provided below, the Commissioner's decision is affirmed.

**PROCEDURAL BACKGROUND**

On May 14, 2019, Plaintiff protectively filed an application for disability insurance benefits ("DIB"), alleging disability beginning on March 11, 2018. Tr. 212-15. The claim was

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

denied initially and on reconsideration. Tr. 68, 79. Plaintiff requested a hearing before an

administrative law judge ("ALJ") and appeared before ALJ Mark Triplett, on March 15, 2023.

Tr. 33-67. Plaintiff, along with his attorney and a vocational expert, testified at the hearing. The

ALJ found Plaintiff not disabled in a written decision issued April 5, 2023. Tr. 14-32. The

Appeals Council denied review on November 28, 2023, making the ALJ's decision the final

agency decision. Tr. 1-6. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 47 years of age on his alleged onset date and has at least a high school

education. Tr. 26. He has past relevant work as an arc welder. Tr. 26. In his application, he

alleged disability due to C6 vertebrae corpectomy and left shoulder torn rotator cuff. Tr. 69.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially

dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following

series of questions:

> 1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §
> 404.1520(a)(4)(i). This activity is work involving significant mental or
> physical duties done or intended to be done for pay or profit. 20 C.F.R. §
> 404.1510. If the claimant is performing such work, she is not disabled
> within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant
> is not performing substantial gainful activity, the analysis proceeds to step
> two.

2.      Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

      a.    The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 404.1560(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.

1999) (internal citations omitted); *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 11, 2018, his alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease; osteoarthritis; and left shoulder degenerative joint disease/rotator cuff. Tr. 19. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 20. The ALJ found that Plaintiff had the RFC to perform light work with the following additional limitations:

> [he] can occasionally push/pull with the bilateral, upper extremities. [He] can frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds. [He] can frequently balance, stoop, kneel, and crouch, but occasionally crawl. [He] can occasionally reach overhead bilaterally. [He] can frequently, but not constantly, reach in other directions bilaterally. [He] can frequently but not constantly, handle, finger, and feel bilaterally.

Tr. 20. At step four, the ALJ determined that Plaintiff cannot perform his past relevant work as an arc welder. Tr. 26. At step five, the ALJ found that, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite his impairments, including such representative occupations as: marker for merchandise; small products assembler; and inspector/hand packager. Tr. 27. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 27.

4 - Opinion and Order

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper

legal standards and the legal findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a

mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal

quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must

weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions."

*Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence

are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d

676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this

Court must review the decision of the Appeals Council to determine whether that decision is

supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the

evidence before the ALJ or Appeals Council is subject to more than one rational interpretation,

the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53

F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may

not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec.*

*Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a

reviewing court "cannot affirm the [Commissioner's] decision on a ground that the

[Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454

F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the

5 - Opinion and Order

Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden

of showing that an error is harmful normally falls upon the party attacking the agency's

determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set

aside if the proper legal standards were not applied in weighing the evidence and making the

decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42

U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript

record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or

without remanding the case for a rehearing.

## DISCUSSION

Plaintiff argues that remand is warranted because the ALJ erred in his evaluation of

Plaintiff's subjective symptom testimony and in his evaluation of the medical opinion of Dr.

Samir Ale.

The Court addresses each argument below.

## I.    Subjective Symptom Testimony

Plaintiff argues that he is unable to work, in part, due to a neck injury he sustained while

working. Tr. 42-43. In a written statement, Plaintiff described his neck injury as causing

"constant pain," noting that he cannot look up or bend his neck to the right or left. Tr. 269. At his

hearing, Plaintiff stated that he had surgery for his neck injury, but he still experiences pain,

despite having completed multiple rounds of physical therapy. Tr. 44-45. He testified that his

neck pain prevents him from looking up, and that medications prescribed to help with his pain

cause upset stomach and sexual dysfunction. Tr. 44-47. He stated he is unable to lie flat, due to

6 - Opinion and Order

his neck pain, and that, because of his pain, it takes him longer to complete his daily household chores. Tr. 47-48.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

7 - Opinion and Order

### A. Medical Records

The ALJ rejected Plaintiff's symptom testimony, in part, because the medical evidence was inconsistent with his symptom allegations. In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Th ALJ properly considered the objective medical record in discounting Plaintiff's subjective symptoms testimony. Although Plaintiff had some pain and reduced range of motion in his cervical spine, objective physical examinations showed largely normal results, including negative Spurling's test and normal strength in his cervical spine. *See, e.g.*, Tr. 431, 535, 542, 549, 573. Plaintiff was able to successfully complete a series of repetitive movements including overhead reaching, forward bending, forward reaching, and repeated full squat motions. Tr. 689-90. The ALJ properly found these normal objective observations were inconsistent with Plaintiff's claims of constant, debilitating pain and severely reduced functionality.

The ALJ further considered records showing that Plaintiff's symptoms improved with treatment. A claimant's improvement with treatment is "an important indicator of the intensity and persistence of . . . symptoms." 20 C.F.R. § 404.1529(c)(3). For example, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Symptom improvement, however, must be weighed within the context of an "overall diagnostic picture." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001); *see also Lester*

8 - Opinion and Order

*v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995) ("Occasional symptom-free periods . . . are not

inconsistent with disability.").

The ALJ properly found that Plaintiff's symptoms improved with treatment. Plaintiff's

records show that he completed two rounds of physical therapy, and he reported experiencing

improvements in both his pain level as well as his level of functioning. Tr. 363, 372, 595, 634.

Plaintiff's records show that, despite having some lingering pain after his surgery, his symptoms

were controlled enough to where he could complete his daily activities. For example, Plaintiff

reported to his physical therapist that he could complete his personal care, lift heavy objects, and

engage in most of his usual recreational activities. Tr. 363-64.

Plaintiff was prescribed oxycodone, which provided good pain control, until October

2019. Tr. 550. His provider then declined to continue prescribing opioid medication because

Plaintiff was repeatedly noncompliant with hospital opioid prescription policies. Tr. 550-51.

Thereafter, Plaintiff was not prescribed any pain medication until October 2020, when he was

trialed on venlafaxine. Tr. 755. At that visit, Plaintiff told providers that his symptoms had

improved since his surgery. Tr. 755. Plaintiff subsequently told providers he was happy with the

pain control venlafaxine provided, despite reporting that it did not help with his neck pain. Tr.

964. As to his neck pain, Plaintiff told his provider that he "can live with it." Tr. 964. *See* 20

C.F.R. § 404.1529(c)(3) (In evaluating symptoms such as pain, "[w]e will consider all of the

evidence presented, including . . . your statements about your symptoms"); *see also Smartt v.*

*Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (noting that the ALJ did not err in concluding

objective and self-reported evidence of improvement was inconsistent with Plaintiff's subjective

testimony that she was in constant 10/10 pain). It was thus reasonable for the ALJ to rely on

these reports of improved symptoms and conclude that Plaintiff's symptom testimony was less

9 - Opinion and Order

than credible.

### B. Daily Activities

The ALJ found that Plaintiff's testimony was inconsistent with his reported daily activities. When assessing a claimant's symptom testimony, the ALJ "may consider, among other factors, ... 'the claimant's daily activities.'" *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (internal citation omitted). The ALJ may reject symptom allegations that are inconsistent with a claimant's ability to perform normal activities of daily living. *See* 20 C.F.R. § 404.1529(c)(3)(i). There are two ways that daily activities may support such rejection: (1) the activities contravene the claimant's allegations of functional limitations; or (2) the activities "meet the threshold for transferrable work skills[.]" *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally disabling impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

The ALJ noted Plaintiff's claims of constant pain and extreme physical limitations were inconsistent with his reportedly active lifestyle. For example, Plaintiff testified that he regularly goes salmon fishing, he drives and shops for household items, and he reported to providers that he leads an active lifestyle. Tr. 48, 49, 52, 54, 363, 974, 979. The ALJ did not err in finding Plaintiff's activities were inconsistent with his claims of debilitating symptoms. For instance, although Plaintiff testified that he is "pretty tore up" the day after he goes fishing, the fact that he can regularly go salmon fishing at all indicates that he is more capable than his symptom allegations suggest. Tr. 55. Fishing, in general, requires repeated activities such as casting, reeling, and pulling heavy items out of the water; activities that are not consistent with claims of extreme pain and limitations. Furthermore, Plaintiff testified that he is responsible for household

10 - Opinion and Order

shopping, as well as completing all household chores. Tr. 56. Plaintiff attested to having some

pain and difficulty in completing some daily activities, but this alone is not sufficient to upend

the ALJ's disability determination. *See* 20 C.F.R. § 404.1529(c)(3)(i). The Ninth Circuit has

repeatedly found that even where a claimant experiences some difficulty or pain, his daily

activities may be grounds for discrediting symptom testimony if those activities "contradict

claims of totally debilitating impairment." *Molina*, 674 F.3d at 1113. *See also Smartt*, 53 F.4th at

499 (ALJ did not err in finding claimant's symptom allegations inconsistent with her ability to

perform normal daily activities, despite her limitations).

## C.  Symptom Magnification

The ALJ discounted Plaintiff's symptom allegations because two examining doctors

concluded Plaintiff was engaging in symptom magnification. Tr. 22-23. Evidence of symptom

magnification may constitute a clear and convincing reason to reject a claimant's symptom

testimony. *See Austin v. Saul*, 818 F.App'x 725, 727 (9th Cir. 2020) (evidence that the claimant

exaggerated his need for a crutch was a clear and convincing reason to reject his symptom

testimony); *see also* 20 C.F.R. § 404.1529(c)(4) ("We will consider whether there are any

inconsistencies in the evidence and the extent to which there are any conflicts between your

statements and the rest of the evidence).

In June 2019, Plaintiff presented for a work capacity evaluation and an independent

medical examination at the request of his worker's compensation insurer. Tr. 684-696; 697-711.

In both instances, the examining physicians concluded that Plaintiff's examination results were

not valid, noting variability in his results as an indication of symptom magnification. Tr. 691-

693, 709-10. The ALJ considered the doctors' conclusions as to symptom magnification, and

further noted that, despite Plaintiff's symptom allegations, he was able to successfully perform a

11 - Opinion and Order

series of movements that were inconsistent with his self-described limitations. Tr. 22, citing Tr. 689-90, 706.

Plaintiff argues that the ALJ improperly relied on the evidence of symptom magnification, because the ALJ ultimately found these medical opinions unpersuasive. But the ALJ only rejected the doctors' ultimate conclusions that Plaintiff was capable of performing his prior work as a welder, not the results from the objective testing which supported their conclusions as to symptom magnification. Thus, the ALJ did not err in finding that evidence of symptom magnification called into question the credibility of Plaintiff's subjective symptom testimony.

In sum, the ALJ provided clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's subjective symptom testimony.

## II.    Medical Opinion Evidence of Dr. Samir Ale

In the context of social security claims, a medical opinion is a "statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions[.]" 20 C.F.R. § 404.1513(a)(2); *see also Rodin v. Comm'r of Soc. Sec.*, 2023 WL 3293423, at *12 (E.D. Cal. May 5, 2023) ("the revised regulations now more narrowly define as [medical opinion] a statement from a medical source about what a claimant can still do despite impairments"). ALJs must consider the persuasiveness of all medical opinion evidence. The most important considerations in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. § 404.1520c(a). The supportability of a medical opinion is evaluated by examining the how well the relevant objective medical evidence and the medical source's explanation support the opinion, whereas consistency is evaluated by examining how consistent a medical opinion is with other medical

12 - Opinion and Order

opinions (and prior administrative findings) of record. 20 C.F.R. §§ 404.1520c(c)(1); 404.1520c(c)(2).

Dr. Samir Ale submitted a medical opinion in support of Plaintiff's disability benefits application. Tr. 984-88. Dr. Ale opined that Plaintiff would need to lie down and rest "every few hours" throughout the day to "relieve neck pain, stiffness and tension." Tr. 985. He stated that Plaintiff can sit, stand, and walk for no more than one hour in an eight-hour workday. Tr. 986. According to Dr. Ale, Plaintiff would require four-to-five unscheduled breaks per day, with each break lasting 15 to 20 minutes. Tr. 987. Dr. Ale further opined that Plaintiff would miss more than four days of work per month, due to his impairments. Tr. 988.

The ALJ found Dr. Ale's opined limitations "extreme" and concluded that such limitations were not persuasive. Tr. 25. To start, the ALJ noted that Dr. Ale's treating relationship with Plaintiff was fairly limited, and none of his treating notes supported the limitations set forth in his opinion. Tr. 25, citing Tr. 764, 768-69. Additionally, the ALJ noted that there were inconsistencies between the objective evidence in the record and Dr. Ale's opinion. Tr. 25, citing Tr. 970, 972, 974, 975, 976, 979, 981. The ALJ's conclusions are a reasonable reading of the record and are supported by substantial evidence.

Plaintiff does not articulate any meaningful challenge to the ALJ's supportability and consistency findings regarding Dr. Ale's opinion, but instead argues that the ALJ engaged in "cherry-picking" evidence. Pl. Br. at 10. The Court, however, finds no fault in the ALJ's rejection of Dr. Ale's opinion. An independent review of the record finds that the extreme limitations opined by Dr. Ale are not supported anywhere within the record. Indeed, Dr. Ale's opinion itself contains no discernible explanation for the limitations assessed. *See, e.g.*, Tr. 987 (stating without explanation that Plaintiff is limited to using his right and left hands 40% of the workday, fingers

13 - Opinion and Order

80% of the workday, and arms 10-15% of the day). The record contains only limited instances of physical examinations conducted by Dr. Ale, none of which mention the restrictions in his medical opinion. See, e.g., Tr. 970, 974, 976, 981. Moreover, as the ALJ pointed out, Dr. Ale's opinion is inconsistent with examination results from other medical providers in the record. Tr. 972. 20 C.F.R. § 404.1520c(c)(2). The Court thus concludes that the ALJ adequately articulated his findings regarding the persuasiveness of Dr. Ale's medical opinion.

## ORDER

In sum, the ALJ properly discounted Plaintiff's subjective symptom testimony and the medical opinion of Dr. Ale. For the reasons set forth above, the decision of the Commissioner is AFFIRMED.

It is so ORDERED and DATED this __21__ day of APRIL, 2025.

MARK D. CLARKE
United States Magistrate Judge

14 - Opinion and Order